## ZAPP NATIONAL BANK v. METROPOLITAN PLANNING AND REDEVELOPMENT CORPORATION AND OTHERS. GORHAMS' CONSTRUCTION COMPANY, INC., APPELLANT. McDOWALL COMPANY, INC., APPELLANT.

242 N. W. 2d 96.

May 7, 1976—Nos. 45787, 45828.

*Louis J. Moriarty,* for appellant Gorhams'.

*Murphy, Provinzino & Neils* and *Roger D. Neils,* for appellant McDowall.

*Michael H. Donohue,* for respondent defendants.

*Hall, Byers, Hall & Hanson* and *L. M. Hall, Jr.,* for respondent bank.

ROGOSHESKE, JUSTICE.

These appeals arise out of actions by Zapp National Bank to collect two overdue promissory notes payable to the bank and executed by Metropolitan Planning and Redevelopment Corporation. One of the notes was endorsed by Gorhams' Construction Company, Inc., John D. Fandel, and Fred Petters; the other was endorsed by McDowall Company, Inc., John D. Fandel, and Fred Petters. The issue raised on appeal is the relative liability of the three endorsers on each note.

Metropolitan Planning and Redevelopment Corporation is a private corporation engaged in the redevelopment and operation of certain commercial real property in St. Cloud, Minnesota. John D. Fandel and Fred Petters are respectively the secretary and treasurer of the corporation. Both Gorhams' Construction Company, Inc., and McDowall Company, Inc., are contractors that had performed construction work on a property owned by Metropolitan.

In April 1972, Metropolitan was unable to generate sufficient rental income to pay its outstanding bills. Various attempts were

made to borrow additional working capital and pay off existing debts to Gorhams' and McDowall. Zapp National Bank agreed to loan metropolitan the money, but not without the personal endorsements of Metropolitan's officers and the guaranties of the corporations that were to receive the payments.

On April 28, 1972, George McDowall, Jack Gorham, Petters, and Fandel met at the bank to sign the notes. The two notes which had been prepared represented the amounts owed Gorhams' and McDowall respectively. Each included the following printed statement on the back of the note:

"For value received, I hereby guarantee the payment of the within note at maturity or at anytime thereafter, and hereby agree and consent to all the stipulations contained therein."

In addition, directly below this statement on each note there had been typed the name of the respective creditor-corporation and a line for the signature of its officer. Such officer signed the endorsement for his corporation, followed by the signed endorsement on each note of Fandel and Petters, in that order. The face of each note was signed by Fandel and Petters as officers of Metropolitan.

No payments were ever made on the notes. Metropolitan, now insolvent, lost its interest in the property by transfer to a mortgagee in lieu of foreclosure. Zapp National Bank then commenced these actions against Metropolitan and the endorsers. In each suit the respective construction company brought a cross-complaint against Fandel and Petters, claiming an agreement between the company and the individual endorsers of each note that the liability of the company would be tertiary to that of Fandel and Petters.

The suit which included Gorhams' as a corporate defendant was tried without a jury. The trial court found, contrary to Gorhams' claim, that there was no agreement that Zapp National Bank would proceed against Gorhams' last in the event of default by Metropolitan. In addition the court, finding that the note was

endorsed by Gorhams', Fandel, and Petters, in that sequence, concluded:

"That defendants Gorhams' Construction Co., Inc., John D. Fandel and Fred Petters are liable as endorsers to plaintiff in their order of endorsement as heretofore set forth in Paragraph II of the Findings of Fact."

Judgment was accordingly entered.

The suit which included McDowall as a corporate defendant was tried to a jury. The jury found by special verdict that it was not the intent of the endorsers that Fandel and Petters would be liable for payment ahead of McDowall. The trial court, adopting the jury's finding, found that the note had been endorsed and guaranteed in the order that the signatures appeared, concluding:

"That defendants McDowall Company, Inc., John D. Fandel and Fred Petters are liable as guarantors to plaintiff in the order their signatures appear on the reverse side of the attached Exhibit 'A', that is, that defendant McDowall Company, Inc., is liable as first guarantor, defendant John D. Fandel is liable as second guarantor, and defendant Fred Petters is liable as third guarantor."

Judgment was entered consistent with this conclusion.

On appeal both McDowall and Gorhams' argue that the district court erred in its determination of the liability of the endorsers-guarantors. In addition, in the action against Gorhams', it contends that the court's finding that there was no agreement that its liability on the note was tertiary is not supported by the evidence. The evidence on this issue was conflicting, and the trial court's findings are not clearly erroneous and must be affirmed. Rule 52.01, Rules of Civil Procedure.

The trial court apparently determined the liability of the endorsers on the two notes by application of the Uniform Commercial Code, Minn. St. 336.3—414, which provides:

"(1)    Unless the endorsement otherwise specifies (as by such words as 'without recourse') every endorser engages that upon dishonor and any necessary notice of dishonor and protest he will pay the instrument according to its tenor at the time of his endorsement to the holder or to any subsequent endorser who takes it up, even though the endorser who takes it up was not obligated to do so.

"(2)    Unless they otherwise agree endorsers are liable to one another in the order in which they endorse, which is presumed to be the order in which their signatures appear on the instrument."

Both corporations argue that the presumption of subsection (2) does not apply to guarantors or accommodation endorsers who endorse at the same time and in the same capacity. This view in our opinion is both consistent with the intent of the drafters of the code and logical under the facts of this case.

As noted in the Minnesota Code Comment, 21B M. S. A. 409, Minn. St. 336.3—414(2) was taken from § 68 of the Negotiable Instruments Law.[1] That section, codified in Minnesota as Minn. St. 1961, § 335.261, provided as follows:

"As respects one another, endorsers are liable prima facie in the order in which they endorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise. Joint payees or joint endorsees who endorse are deemed to endorse jointly and severally."

The second sentence of Minn. St. 1961, § 335.261, was retained in Minn. St. 336.3—118(e),[2] which provides as follows:

---

[1] The comment states in part as follows: "This subsection rewords and clarifies the provisions in the first sentence of N.I.L. § 68 (Minn. Stat. § 335.261 (1961)). The scope and purposes of the subsection are adequately explained in U.C.C. Comment 4, which also points out that the provisions in the last sentence of N.I.L. § 68 have been covered in U.C.C. § 3—118(e)."

[2] The rules of construction in Minn. St. 336.3—118 apply to every instrument.

"Unless the instrument otherwise specifies two or more persons who sign as maker, acceptor or drawer or endorser and as a part of the same transaction are jointly and severally liable even though the instrument contains such words as 'I promise to pay.' "

The Uniform Commercial Code Comment to subsection (e) states that this rule of joint and several liability applies to any two or more persons "who sign in the same capacity" and "as a part of the same transaction." 21B M. S. A. 115.

Respondents Fandel and Petters argue that the two preconditions for the applicability of § 336.3—118(e), signing in the same capacity and as a part of the same transaction, are not present in this case. They argue that they received no benefit from the alleged transaction but suffered the loss of the corporate shield, subjecting them to personal liability. They allege that Gorhams' and McDowall suffered no comparable detriment and were in fact benefited by the transaction. Thus they conclude that endorsements were not made in the same capacity.

Although there may have been relative differences in the amount of potential benefit or loss associated with the respective endorsements, it is clear that each endorser signed as an accommodation for Metropolitan and for no one else.[3] The Uniform Commercial Code does not distinguish between accommodation parties who receive consideration for their accommodation and those who do not.[4]

The only reasonable conclusion to be drawn from the facts in each appeal is that each endorser was an accommodation party for Metropolitan as a condition of the loan transaction. Their en-

---

[3] The argument of Peters and Fandel that they accommodated the construction companies rather than Metropolitan must be rejected as it is without evidentiary support.

[4] Minn. St. 336.3—415(1) provides as follows: "An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it." See, also, Minnesota Code Comment, 21B M. S. A. 417.

dorsements were made in the same capacity as a part of the same transaction. The order in which the signatures appeared on the notes did not in any way represent any agreement of the parties. Thus, we are compelled to hold that their liability is joint and several by virtue of § 336.3—118(e). Accordingly, the judgment must be vacated and the cases remanded with instructions to enter judgment against the endorsers jointly and severally.

Reversed and remanded with instructions.